**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICKEY MANTLE HOLT,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 04-CV-0491-CVE-PJC |
| | ) |
| **WALTER DINWIDDIE, Warden,** | ) |
| | ) |
| Respondent. | ) |

<u>**OPINION AND ORDER**</u>

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner Mickey Mantle Holt ("Holt") is a state inmate who filed his petition (Dkt. # 1) *pro se*. Respondent filed a response to the petition (Dkt. # 8). Respondent also provided state court records and trial transcripts (Dkt. ## 9, 10, 11, 12, 13, 14) for the Court's use in evaluating Holt's claims. Holt filed an objection (Dkt. # 15) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

On May 4, 2001, at approximately 12:40 a.m., Tulsa police stopped a vehicle driven by Holt because Holt was not wearing his seat belt. He admitted, and a radio check confirmed, that his driver's license had been suspended. He was arrested, handcuffed, and searched. Officers recovered from Holt's pocket a small baggie containing 0.24 grams of a substance later identified as methamphetamine, and a small foil wrapper containing 0.03 grams of a substance later identified as methamphetamine.

Pursuant to an amended complaint filed in Tulsa County District Court, Case No. CF-2001-5302, Holt faced a charge of Unlawful Possession of a Controlled Drug (methamphetamine), along with two (2) misdemeanor charges for traffic violations. At the conclusion of trial, a jury found Holt

guilty of the felony offense and recommended punishment of ten (10) years imprisonment and a fine of $10,000.[1] On June 11, 2002, the trial court sentenced Holt in accordance with the jury's recommendation. Holt was represented at trial by Assistant Public Defenders Jane Ann Cobb, Bryan Rayl, and Shena Burgess.

Holt appealed his felony conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Holt was represented by Assistant Public Defender Stephen Greubel. He raised one (1) proposition of error as follows:

> Proposition 1: The prosecution's improper closing argument, coupled with the jury's anger over Appellant Holt's dishonesty, violated the double jeopardy provision of the Fifth Amendment, ignored the Fourteenth Amendment's due process guarantee, and produced an excessive sentence which should now by modified by this court.

(Dkt. # 8, Ex. A). Holt also submitted a *pro se* "motion for leave to amend and/or supplement appellant's original brief-in-chief." See Dkt. # 1, Ex. B. The pleading is stamped "received" on May 2, 2003, but the *pro se* supplemental brief was not filed of record.[2] In an unpublished summary opinion, filed May 28, 2003, in Case No. F-2002-806 (Dkt. # 8, Ex. C), the OCCA rejected the claim raised by counsel in the direct appeal brief and affirmed the Judgment and Sentence of the district

---

[1] The jury also found Holt guilty of the misdemeanor offenses of Driving Under Suspension and Driving Without Seatbelts. He does not challenge those convictions in this action.

[2] In the proposed *pro se* brief, Holt argued that he never possessed actual methamphetamine. Instead, he possessed only a "precursor substance." See Dkt. # 1, attachment to Ex. B. He also claimed that the state district court and the OSBI lab conspired to deter him from receiving a fair and impartial trial and sentencing by failing to subject the confiscated material to determinative analysis, and he asserted his challenge to the constitutionality of the methamphetamine statute based on vagueness. Id.

2

court. The OCCA did not address the claims raised in the proposed *pro se* brief.[3] Nothing in the record suggests Holt filed a petition for writ of *certiorari* in the United States Supreme Court.

On October 15, 2003, Holt filed an application for post-conviction relief in the trial court. See Dkt. # 10 at 14. The state district court recognized four (4) claims, as follows:

1. Ineffectiveness of trial counsel.

2. Ineffectiveness of appellate counsel.

3. Oklahoma's methamphetamine statutes are unreasonably vague and cannot be understood by the common citizen, consequently meeting the criteria in the void for vagueness doctrine.

4. § 1086 cannot apply to this initial Application for Post-Conviction relief.

(Dkt. # 1, Ex. D; Dkt. # 10 at 40). By order filed November 5, 2003, the court denied post-conviction relief. See id. Holt appealed to the OCCA.  In his Brief in Support of Petition in Error, see Dkt. # 8, Ex. E, Holt identified his claims as follows:

Proposition I: Ineffective assistance of counsel
A. Ineffective assistance of trial counsel
B. Ineffective assistance of appellate counsel

Proposition II: Oklahoma's methamphetamine statutes are unreasonably vague and cannot be understood by the common citizen, consequently meeting the void for vagueness doctrine.

(Dkt. # 8, Ex. E). By order filed January 27, 2004, in PC-2003-1321, the OCCA affirmed the denial of Holt's application for post-conviction relief. See Dkt. # 8, Ex. F.

---

[3]In a footnote, the OCCA noted that the *pro se* motion was filed more than five (5) months after the direct appeal brief was filed. As a result, the OCCA found that "because this pro se brief was not filed within 60 days of Holt's original brief – and not filed in compliance with the other requirements of our Rule 3.4(E) – this motion is **DENIED**." See Dkt. # 8, Ex. C (citations omitted).

On June 18, 2004, Holt filed his federal petition for writ of habeas corpus (Dkt. # 1).[4] In the "Table of Contents," he identifies four (4) grounds of error, as follows:

Ground 1: Appellant has been subjected to a violation of his Sixth (6th) Amendment right to effective assistance of counsel.

Ground 2: The review and Opinion by the Court of Criminal Appeals in this case was issued on the basis of an inadequate premise, which was contrary to, or involved an unreasonable application of clearly established state and federal law, as determined by the Supreme Court of the United States, thereby violating the precepts of the U.S. Constitution.

Ground 3: Appellant's 4th Amendment rights were violated when he was subjected to an illegal search and seizure.

Ground 4: The state courts of Oklahoma have not followed Supreme Court mandates, 10th Circuit mandates, and other federal court decisions when deciding the guilt and punishment phases in this methamphetamine prosecution.

(Dkt. # 1). In the text of the supporting brief, Holt develops only two (2) grounds of error: (1) ineffective assistance of trial and appellate counsel, and (2) a challenge to the constitutionality of Oklahoma's methamphetamine statutes. See Dkt. # 1 at 10-20. Attached to the brief, Holt has provided a "Main Exhibit," entitled "The Mythology of Methamphetamine in Oklahoma." See Dkt. # 1 at 22-29. Holt fails to provide a factual basis for grounds 2, 3, and 4, as identified in the "Table of Contents." In his response to the petition (Dkt. # 8), Respondent construes the petition as raising two claims, one attacking the effectiveness of trial and appellate counsel and the other attacking Oklahoma's methamphetamine statute. He contends that Holt's challenges to the assistance provided by trial counsel and to the constitutionality of Oklahoma's methamphetamine statute are

---

[4] Holt styled his petition as "On Appeal From the Court of Criminal Appeals for the State of Oklahoma," and titled his pleading as "Appellant's Opening Brief." See Dkt. # 1.

procedurally barred. He also asserts that the OCCA correctly determined that Holt was not denied the effective assistance of appellate counsel.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Holt meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Holt has exhausted the claims raised in the petition. See Dkt. # 8 at 2. To the extent Holt raises only the claims analyzed by Respondent, the Court agrees. However, Holt has identified additional claims in his petition, specifically, a challenge to the state courts' adjudication of his post-conviction application and a Fourth Amendment challenge to the search and seizure. Those claims have not been presented to the OCCA and are technically unexhausted. In light of the procedural posture of this case, however, the Court finds it would be futile to require Holt to return to state court because his unexhausted claims would undoubtedly be subject to a procedural bar independent and adequate to prevent habeas corpus review. Therefore, there is no available state corrective process, and the consideration of the claim is not precluded by the exhaustion requirement of § 2254(b). Nonetheless, as discussed in Part B, the challenge to Oklahoma's post-conviction procedures is not cognizable in this habeas corpus action and shall be denied for that reason. Furthermore, as discussed in Part D, the Fourth Amendment claim is procedurally barred. Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (describing application of "anticipatory procedural bar" to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it).

The Court also finds that Holt is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Challenge to Oklahoma's post-conviction procedures is not cognizable**

In ground 2, as listed in the "Table of Contents" and on page 6 of the petition, Holt claims that the doctrines of "procedural bar" and "waiver" used by the state courts in denying post-conviction relief violate the due process and equal protection clauses of the United States Constitution. Holt asserts that Oklahoma's corrective process has been inadequate to afford him a full and fair determination on the merits of his claims raised in his application for post-conviction relief. The Tenth Circuit Court of Appeals has consistently ruled that challenges to state post-conviction procedures do not rise to the level of federal constitutional claims cognizable on habeas corpus review.  See Phillips v. Ferguson, 182 F.3d 769, 773-74 (10th Cir. 1999); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (when petitioner asserts no constitutional trial error, but only error in the state post-conviction procedure, no relief can be granted in federal habeas corpus); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993); Hopkinson v. Shillinger, 866 F.2d 1185, 1219-20 (10th Cir. 1989) (stating that "[e]ven if the state postconviction petition was dismissed arbitrarily, the petitioner can present anew to the federal courts any claim of violation of his federal constitutional rights"), *overruled on other grounds*, Sawyer v. Smith, 497 U.S. 227 (1990).  As a result, Holt's second ground of error, to the extent it is a challenge to the interpretation and application of Oklahoma's post-conviction procedures by the OCCA, is not cognizable in this federal habeas corpus and should be denied on that basis.

**C. Claim adjudicated by the OCCA**

The AEDPA amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated Holt's claim of ineffective assistance of appellate counsel on post-conviction appeal. Therefore, that claim shall be reviewed pursuant to § 2254(d).

*Ineffective assistance of appellate counsel*

As part of his first proposition of error, Holt alleges that his appellate counsel provided ineffective assistance in failing "to investigate the evidence contained in the transcripts prior to issuing the direct appeal document. If he had done so, he would have found the relevant information presented herein, information that any two-year law student could address." See Dkt. # 1 at 16. He also claims that his appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel. Id. at 17. In rejecting this claim on post-conviction appeal, the OCCA cited Strickland v. Washington, 466 U.S. 668 (1984), and found as follows:

> To support his claim of ineffective appellate counsel, Petitioner must establish his appellate counsel's performance was deficient under prevailing professional norms, and that but for the deficient performance the outcome of his appeal would have been different, or he must establish that he is factually innocent. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course can be followed. Petitioner is basically trying to argue counsel was ineffective because he never possessed any amount of actual methamphetamine. However, Petitioner's jury found beyond a reasonable doubt that the substance the

> police caught him with was actual methamphetamine. Petitioner offers nothing, other than his bald assertion, that the substance was not methamphetamine, or was just a precursor of methamphetamine. He has not established how appellate counsel could have changed the result of his appeal, and he has not established he is factually innocent.

(Dkt. # 8, Ex. F (citations to Strickland omitted)).

Holt is not entitled to relief on his claim of ineffective assistance of appellate counsel unless he establishes that the OCCA's adjudication of the claim, as raised on post-conviction appeal, was an unreasonable application of federal law as determined by the United States Supreme Court. The applicable standard was established by the Supreme Court in Strickland, 466 U.S. at 687. The Strickland test requires a showing of both deficient performance by counsel and prejudice to petitioner as a result of the deficient performance. Id. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir.1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill v.

Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

Upon review of the record in this case, the Court finds Holt has failed to establish that the OCCA's adjudication of the claim of ineffective assistance of appellate counsel was an unreasonable application of Strickland. Holt's arguments focus on his mistaken belief that the State was required to prove that the controlled substance he possessed was D-methamphetamine. Neither Oklahoma law nor federal law in effect at the time of Holt's offense distinguishes between the types of methamphetamine. See United States v. Glover, 97 F.3d 1345, 1347 n.2 (10th Cir. 1996) (noting that "as of November 1, 1995, this distinction between methamphetamine types has been eliminated, and L-methamphetamine is now treated the same as D-methamphetamine under the Guidelines"). Prior to November 1, 1995, the United States Sentencing Guidelines treated D-methamphetamine much more severely than L-methamphetamine. Of course, Holt was not charged under federal law so his reliance on federal law is misplaced. Under Oklahoma law, "*[a]ny* substance which contains *any quantity* of . . . [m]ethamphetamine, including its salts, isomers, and salts of isomers" is a Schedule II substance. Okla. Stat. tit. 63, § 2-206(C)(1) (2001) (emphasis added). In other words, under Oklahoma law, all methamphetamine is a Schedule II substance. John Paulsen, a chemist for the Tulsa Police Department, testified at trial that both of the substances found in Holt's pockets tested positive for methamphetamine. See Dkt. # 13, Tr. Trans. Vol. II at 191-192. Thus, contrary to Holt's allegations, the evidence presented to the jury demonstrated that the substance found in his pocket was methamphetamine and not a precursor substance. Appellate counsel did not perform deficiently in either failing to investigate and challenge the chemical analysis of the methamphetamine or failing to raise an ineffective assistance of trial counsel claim based on a

9

failure to challenge the qualitative testing of the methamphetamine. Holt has failed to demonstrate that the OCCA's resolution of his ineffective assistance of appellate counsel claim was contrary to, or an unreasonable application of, Strickland. His request for habeas corpus relief based on ineffective assistance of appellate counsel shall be denied. 28 U.S.C. § 2254.

**D. Procedural Bar**

As part of ground one, Holt claims that trial counsel provided ineffective assistance in failing to object "to the continued delineation of the alleged substance to be 'Methamphetamine.'" See Dkt. # 1 at 11. As discussed above, Holt believes a more specific chemical analysis should have been done on the substance recovered by the police. He claims that the substance he possessed was simply a "precursor substance"[5] and that he was prejudiced by his trial counsel's failure to investigate and challenge the analysis of the substance. Id. Holt also claims that Oklahoma's methamphetamine statute is unconstitutionally vague. See Dkt. # 1 at 18-20. Holt first raised his allegations of ineffective assistance of trial counsel (part of ground 1) and his constitutional challenge to the methamphetamine statute in his application for post-conviction relief. See Dkt. # 10 at 14. The OCCA affirmed the denial of post-conviction relief, finding as follows:

> Petitioner has failed to establish entitlement to relief in a post-conviction proceeding. With the exception of his claim of ineffective assistance of appellate counsel, the propositions of error asserted by Petitioner in this post-conviction proceeding either were raised or could have been raised during trial or on direct appeal. All issues which were previously asserted are barred as *res judicata*, and all issues which could have been previously asserted are waived. Such issues may not be the basis of a post-conviction application. 22 O.S.2001, § 1086; *Fowler v. State*, 1995 OK CR 29, ¶ 2, 896 P.2d 566, 569.

---

[5]Holt testified in his own defense at trial. He testified that his girlfriend's son gave him the shorts he was wearing at the time of his arrest and that he had never before seen the packets containing the methamphetamine. See Dkt. # 13, Tr. Trans. Vol. II at 208-09, 226-29.

(Dkt. # 8, Ex. F). Holt's Fourth Amendment claim has never been presented to the OCCA, and in light of the procedural posture of this case, would now be subject to a procedural bar. In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to Holt's claim of ineffective assistance of trial counsel as well as his challenge to the constitutionality of Oklahoma's methamphetamine statute.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that Holt's ineffective assistance of trial counsel claim, his constitutional challenge to Oklahoma's methamphetamine statute, and his Fourth Amendment claim are all procedurally barred. The OCCA's procedural bar, based on Holt's failure to raise the omitted claims on direct appeal, is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. As to the constitutional challenge to the methamphetamine statute and the Fourth Amendment claim, the procedural bar was or would be based on "adequate" state

11

grounds sufficient to bar the claim on federal habeas corpus review. The OCCA routinely applies Okla. Stat. tit. 22, § 1086, to bar claims that could have been but were not raised on appeal or in a first application for post-conviction relief.

As to Holt's ineffective assistance of trial counsel claim, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998). In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

After reviewing the record in the instant case in light of the factors identified in English, the Court concludes that the procedural bar imposed by the state courts on Holt's ineffective assistance of trial counsel claim is based on grounds adequate to preclude federal habeas review. Holt was represented at trial by Assistant Public Defender Jane Ann Cobb. On appeal, Holt was represented by Assistant Public Defender Stephen J. Greubel. For purposes of the first requirement identified

in English, the Court finds that Holt had the opportunity to confer with separate counsel at trial and on appeal. The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. Holt's claim in this case could have been resolved upon the trial record alone. Even if Holt's claim in this case could not be resolved on the trial record alone, Holt has not alleged that the Oklahoma remand procedure, as provided by Rule 3.11 of the *Rules of the Oklahoma Court of Criminal Appeals*, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claim. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). As a result, he cannot demonstrate that Oklahoma's procedural bar is inadequate and his claim of ineffective assistance of trial counsel is procedurally barred.[6]

Because of Holt's procedural default, this Court may not consider the defaulted claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors

---

[6] Even if the ineffective assistance of trial counsel claim were not procedurally barred, the Court would deny the claim because, for the reasons discussed in Part C, it is patently without merit.

of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Holt asserts that appellate counsel provided ineffective assistance in failing to raise or inadequately raising the defaulted claims. See Dkt. ## 1 and 15. It is well established that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. Carrier, 477 U.S. at 488-89. However, the assistance provided by appellate counsel must rise to the level of a constitutional violation. Id. Furthermore, the ineffective assistance of appellate counsel claim asserted as "cause" must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489. In this case, Holt did assert a claim of ineffective assistance of appellate counsel in his post-conviction appeal. See Dkt. # 8, Ex. E. The Court has considered Holt's claim of ineffective assistance of appellate counsel in Part C, above, and has determined that appellate counsel did not provide ineffective assistance. Therefore, Holt's claim of ineffective assistance of appellate counsel cannot constitute "cause" sufficient to excuse Holt's procedural default. Carrier, 477 U.S. at 488-89.

Holt's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial

unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Holt has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Holt claims to be innocent of unlawful possession of methamphetamine because the state failed to prove that the substance found in his possession was in fact methamphetamine as opposed to a precursor substance. See Dkt. # 1at 12. Holt's allegation was refuted at trial and he has presented no new evidence to persuade the Court that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Therefore, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Holt has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his defaulted claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Holt's defaulted claims. Coleman, 510 U.S. at 724. Habeas corpus relief on those grounds shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Holt has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

15

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate Judgment shall be entered in this case.

**DATED** this 18th day of September, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT